1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

13

## SOUTHERN DISTRICT OF CALIFORNIA

14

15  TURNER GREENBERG LLC,

16                                          Plaintiff,

17  v.

18  LIBERTY MUTUAL INSURANCE
    COMPANY, et al.

19                                          Defendant.

20

Case No.: 3:20-cv-01948-H-JLB

**ORDER DENYING DEFENDANT
OHIO SECURITY INSURANCE
COMPANY'S MOTION TO DISMISS**

[Doc. No. 7.]

21        On October 27, 2020, Plaintiff Turner Greenberg LLC filed the operative complaint

22  against Defendant Ohio Security Insurance Company, alleging causes of action for breach

23  of contract and breach of the implied covenant of good faith and fair dealing. (Doc. No. 6.)

24  On November 10, 2020, Defendant filed a motion to dismiss Plaintiff's complaint for

25  failure to state a claim. (Doc. No. 7.) On November 30, 2020, Plaintiff filed its opposition.

26  (Doc. No. 8.) On December 7, 2020, Defendant filed its reply. (Doc. No. 9.) On

27  December 7, 2020, the Court took the matter under submission. (Doc. No. 10.) For the

28  reasons that follow, the Court denies Defendant's motion to dismiss.

## Background

The following facts are taken from Plaintiff's First Amended Complaint ("FAC"). (Doc. No. 6.) Plaintiff owned commercial property located at 1835 Imperial Avenue, San Diego, CA 92102 (the "Property"). (Id. ¶ 12.) Plaintiff insured the Property under a policy issued by Defendant Ohio Security (the "Policy"). (Id. ¶ 7.) On February 14, 2018, Plaintiff leased the Property to a commercial tenant. (Id. ¶ 12.) In November 2018, Plaintiff's tenant defaulted on the lease and abandoned the property. (Id. ¶ 13.) Plaintiff alleges the tenant "gutted the property leaving it in an untenantable condition," resulting in property damage in excess of $185,000. (Id.) Plaintiff submitted a claim to Defendant in January 2019. (Id. ¶ 14.) In February 2019, Defendant notified Plaintiff it would provide coverage of $2,119.95 for part of the damage but denied coverage for the remainder of the claim. (Id.) Defendant affirmed its coverage denial in March 2019. (Id.) Plaintiff claims it was then forced to sell the Property at a substantial loss. (Id.) Plaintiff alleges Defendant was obligated to compensate Plaintiff for the property damage under the terms of the Policy. (Id. ¶ 17.) On October 27, 2020, Plaintiff filed the operative complaint seeking damages from Defendant for (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. (Id. ¶¶ 16–27.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. No. 7 at 1–2.)

## Discussion

### I. Legal Standards

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Courts "may, however, consider materials that are submitted with and attached to the Complaint." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (citing Lee, 250 F.3d at 688); see In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, [courts] limit [them]selves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice.").

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806

F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See DeSoto, 957 F.2d at 658.

## II.    Analysis

Defendant contends that Plaintiff has failed to state a breach of contract claim against it because the Policy allegedly excludes coverage of Plaintiff's claim as a matter of law. (Doc. No. 7 at 6.) It argues that as a result, its denial of Plaintiff's claim cannot constitute a breach of the Policy, and Plaintiff's complaint must be dismissed. (Id.) Plaintiff argues it has pled sufficient allegations to state claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Defendant. (Doc. No. 8 at 5.) The Court agrees with Plaintiff.

Plaintiff attached the Policy to its FAC; thus, for purposes of this motion, the Court may consider its provisions. See Lee, 250 F.3d at 688. The Policy provides coverage relevant to the case at hand under a "Building and Personal Property Coverage Form," which states: "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Doc. No. 6 Ex. A at 55.) "Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is . . . Excluded in Section B., Exclusions." (Id. at 76.) The Exclusions section states: "We will not pay for loss or damage caused by or resulting from any of the following . . . Dishonest or criminal act by you, . . . or anyone to whom you entrust the property for any purpose." (Id. at 77–78.) The applicability of the final provision – the "Entrustment Exclusion" – to Plaintiff's claim is the subject of the parties' current dispute.[1]

---

[1]    The Court notes that Defendant raises an additional argument regarding the "Inadequate Renovation Exclusion" provision in its reply brief. (Doc. No. 9 at 7–10.) While the provision was quoted in its motion to dismiss, Defendant did not make any arguments regarding its applicability to Plaintiff's claim in its motion. Plaintiff makes preemptive arguments regarding the provision in its opposition, (Doc. No. 8 at 11–14), but did not have the opportunity to address Defendant's actual arguments. Therefore, the Court declines to consider the argument regarding the Inadequate Renovation Exclusion, "as it is improper for a party to raise a new argument in a reply brief." United States v. Boyce, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001); see United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief).

Defendant argues that the Entrustment Exclusion unambiguously states that losses or damages resulting from dishonest or criminal acts by Plaintiff or anyone to whom Plaintiff entrusted the Property are not covered. (Doc. No. 7 at 6–7.) It argues that the damage to the Property resulted from Plaintiff's tenant's "vandalism," which it alleges constitutes a criminal act by someone to whom Plaintiff entrusted the Property. (Id.) Plaintiff disputes that the Entrustment Exclusion applies to its claim. (Doc. No. 8 at 7–8.) It disputes Defendant's assertion that the damage to the Property resulted from an act of vandalism, or any type of "dishonest or criminal act" by its tenant. (Id.) It argues that the complaint's allegation regarding the damage to the Property merely states that "without Plaintiff's knowledge or consent, Plaintiff's tenant gutted the property leaving it in an untenantable condition." (Doc. No. 6 ¶ 13.) It argues there are no allegations in the complaint suggesting that the "gutting" was an act of vandalism. (Doc. No. 8 at 7–8.)

The Court concludes that Plaintiff has stated a claim sufficient to survive the instant motion to dismiss. Plaintiff has alleged facts that, if true, plausibly show that its tenant caused damage to the Property in a manner that may not constitute a criminal or dishonest act, and therefore its claim may not be excluded from coverage by the Entrustment Exclusion. See Iqbal, 556 U.S. at 678. Defendant may disagree with Plaintiff's characterization of the tenant's damage to the Property, but the Court cannot properly resolve a factual dispute about the nature of the tenant's actions in a Rule 12(b)(6) motion to dismiss. See Gooden v. Suntrust Mortg., Inc., No. 2:11-CV-02595-JAM, 2012 WL 996513, at *4 (E.D. Cal. Mar. 23, 2012).

Defendant refers the Court to substantial caselaw supporting the proposition that acts of vandalism are commonly found to be excluded as a matter of law under Entrustment Exclusion insurance provisions, as well as to several cases it claims are factually analogous to the case at hand. (Doc. No. 7 at 6–11.) This is premature; while it is true that "[i]nterpretation of an insurance policy is a question of law for the court," Powerine Oil Co., Inc. v. Superior Court, 118 P.3d 589, 597 (Cal. 2005), the Court cannot determine whether certain activities are excluded from insurance coverage as a matter of law without

first knowing the nature and factual circumstances of those activities. And the purportedly analogous cases Defendant relies upon are inapposite to the current motion to dismiss, as they were decided at the summary judgment stage, with the benefit of a developed evidentiary record. See Yahoo Ctr. v. Liberty Mut. Ins. Co., No. 2:16-CV-01397-SVW-SS, 2016 WL 9138061, at *1 (C.D. Cal. June 16, 2016); Bita Trading, Inc. v. Nationwide Mut. Ins. Co., No. 13CV1548 JM WVG, 2015 WL 433557, at *1 (S.D. Cal. Feb. 3, 2015); Su v. v. New Century Ins. Servs., Inc., No. CV 12-03894 DDP SSX, 2013 WL 5775160, at *1 (C.D. Cal. Oct. 25, 2013).

In sum, the Court considers the disputed issues to be better suited for disposition on a motion for summary judgment, after the circumstances of the damage to the Property and other relevant facts have been more completely developed. For now, Plaintiff has sufficiently pled a claim against Defendant for breach of contract for allegedly failing to provide the insurance coverage required by the Policy.[2]

///

///

///

///

///

///

///

///

///

///

///

---

[2]     Regarding Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, Defendant solely argues that Plaintiff's alleged inability to establish a breach of contract forecloses any finding of insurance bad faith. (Doc. No. 7 at 11–12.) Because the Court concludes Plaintiff has sufficiently stated a breach of contract claim, it denies Defendant's motion to dismiss Plaintiff's bad faith claim.

### Conclusion

For the reasons stated above, the Court denies Defendant's motion to dismiss in its entirety. In its opposition to the motion to dismiss, Plaintiff requests leave to amend its complaint to provide additional allegations regarding the nature of the tenant's damage to the Property. (Doc. No. 8 at 15.) As the Court has denied the motion to dismiss, Plaintiff does not need to file an amended complaint at this time, but the Court grants it leave to file an amended complaint if it so desires. If Plaintiff wishes to file an amended complaint, it must do so within twenty-one (21) days of the date on which this Order is electronically docketed. If Plaintiff files an amended complaint, Defendant must answer or otherwise respond to the amended complaint within twenty-one (21) days of its filing. If Plaintiff does not file an amended complaint, Defendant must answer or otherwise respond to the present complaint within thirty (30) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

DATED: December 10, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT